**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| United States of America, | Case No. 2:21-cr-00139-APG-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Tina Chen,<br>    aka "Ya When Chen,"<br>    aka "Wen Tina Chen,"<br>    aka "Tina Dunbar,"<br>    aka "Tina Dubner," | |
| Defendant. | |

This matter is before the Court on the Government's Classified *In Camera*, *Ex Parte*, Under Seal Motion and Memorandum of Law for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedure ("Government's Motion for a Protective Order"). By its motion, the Government requested that the Court, pursuant to CIPA Section 4, Fed. R. Crim. P. 16(d)(1), and the applicable law, grant the relief described in the motion and noted below.

The Court, having carefully considered the Government's motion and memorandum of law, and the declaration filed therewith, **GRANTS** the Government's Motion for a Protective Order in its entirety.

The Court finds the Government's Motion for a Protective Order was properly filed *in camera, ex parte* for this Court's review, pursuant to CIPA Section 4 and Fed. R. Crim. P. 16(d)(1).

On the basis of the Court's independent review of the information and the arguments set forth in the Government's Motion for a Protective Order, the Court finds that the classified information referenced in the Government's motion and memorandum of law implicates the

Government's classified information privilege because the information is properly classified and its disclosure could cause serious damage to the national security of the United States. Furthermore, at this time, the Court finds that none of the classified information is exculpatory, *see Brady v. Maryland*, 373 U.S. 83 (1963), and that the information is not material to the preparation of a defense in this matter. *See* Fed. R. Crim. P. 16; *Giglio v. United States*, 405 U.S. 150 (1972).

Additionally, the Court finds that the "relevant and helpful" standard articulated in *United States v. Roviaro*, 353 U.S. 53 (1957) and *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989) is the appropriate standard by which to analyze the discoverability of classified information where, as here, the Government has properly invoked the classified information privilege. To this end, the Court finds that in applying the *Roviaro/Yunis* standard, at this time, none of the classified information referenced in the Government's motion is relevant and helpful to the Defense. This Order also applies to the Government's discovery obligations under Fed. R. Crim. Proc. 16, and *Brady*, *Giglio*, and their progeny with the regard to the information described herein.

Accordingly, **IT IS ORDERED** that the Government is authorized to withhold the specified classified information outlined in its motion from discovery to the Defense.

**IT IS FURTHER ORDERED** that the Government's motion, memorandum of law, and the accompanying declaration shall not be disclosed to the Defense and shall be sealed and maintained in a facility appropriate for the storage of such classified information by the Court Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, for any future review, until further order of this Court.

**IT IS FURTHER ORDERED** that the Court's prior Order regarding the Government's Motion for a Protective Order (at ECF No. 33) is VACATED.

DATED: March 14, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE