**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| United States of America, | Case No. 2:21-cr-00139-APG-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Tina Chen,<br>    aka "Ya When Chen,"<br>    aka "Wen Tina Chen,"<br>    aka "Tina Dunbar,"<br>    aka "Tina Dubner," | |
| Defendant. | |

On February 3, 2022, the Court entered a protective order in this case permitting the Government to withhold specified classified information pursuant to Section 4 of the Classified Information Procedures Act. That Order incorrectly stated that it should remain sealed. As a result, the Court vacated that order and entered a new Order on March 14, 2022.

When entering the protective order, the Court found that none of the classified information that it reviewed was exculpatory (pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963)), material to the preparation of the defense (pursuant to *Giglio v. United States*, 4065 U.S. 150 (1972)), or relevant and helpful to the defense (under the *United States v. Roviaro*, 353 U.S. 53 (1957) and *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989) standard). It also found that the protective order was applicable to the Government's obligations under Fed. R. Crim. P. 16, *Brady*, *Giglio*, and their progeny.

Of course, the Court's determination was made solely by consulting the indictment and could change subject to the theory of defense employed in this case. To that end, in order for the Court to be able to re-evaluate its protective order, the Defense will need to provide a sealed, *ex-parte* brief indicating its theory of defense by May 31, 2022. In the event the Defense needs

1. additional time to file the sealed, *ex-parte* brief, or if the issue becomes moot based on other reasons, the Defense must apprise the Court accordingly no later than May 15, 2022.

DATED: March 14, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE