UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>v.<br><br>TINA CHEN,<br><br>　　　　　Defendant. | Case No. 2:21-cr-00139-APG-BNW<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE<br><br>[ECF No. 72] |

　　　　Tina Chen pleaded guilty to conspiracy to unlawfully export goods to Iran and was sentenced to 13 months in custody, to be followed by three years of supervised release. ECF No. 65. She has served approximately eight months in custody. ECF No. 72 at 5. She moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) because her mother's health has deteriorated since Chen went into custody and Chen is the only person who can coordinate her care. ECF No. 72.

　　　　The parties agree that Chen has exhausted her administrative appeal rights as required by 18 U.S.C. § 3582(c)(1)(A).

　　　　I can grant compassionate release if "extraordinary and compelling reasons warrant [it]." 18 U.S.C. § 3582(c)(1)(A)(i). I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," including the requirement that the defendant "is not a danger to the safety of any other person or to the community." *Id.* (referring to U.S.S.G. § 1B1.13).

　　　　Chen's mother lives in Taiwan and has caregivers that Chen arranged for and coordinated before she went into custody. ECF No. 72 at 2-5. Being incarcerated makes it more difficult for Chen to communicate with her mother and the caregivers. If Chen is released from custody, she

would remain in Nevada but, she claims, it would be easier for her to contact her mother and caregivers and to coordinate her mother's care. *Id.* at 11-12.  The medical documents filed with Chen's motion predate her incarceration and thus do not demonstrate a post-incarceration decline in her mother's health.  But even accepting that representation as true, it does not constitute an extraordinary circumstance justifying early release.  Chen's mother has caregivers on-site in Taiwan, and even if Chen was not in custody, she would have to arrange that care and coordinate activities from a long distance.  Difficulties in communication from such a distance are not extraordinary.  Moreover, Ms. Chen is now housed in a residential re-entry center, where she presumably has more freedom and greater ability to contact her mother and caregivers by phone and video. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited 1/29/2004).

   In sentencing Chen, I considered her mother's significant health problems and the challenges Chen would face coordinating her care while in custody.  I varied downward from the applicable Guideline range in part to account for that.  And the original sentence is still necessary to promote respect for the law and to deter others from committing such crimes.  Chen is not entitled to compassionate release.

   In her reply, Chen contends for the first time that on February 1, 2024 she will be eligible for retroactive relief under the U.S. Sentencing Commission's recent Guideline amendments for zero-point offenders under U.S.S.G. § 4C1.1. ECF No. 80 at 7-8.  It is inappropriate to raise arguments for the first time in a reply because the other party is denied the ability to respond to those arguments.  The Government moved to strike the portion of the reply raising this argument or, in the alternative, for permission to file a sur-reply addressing it. ECF No. 81.  In the interest of completeness, I do not strike the new argument in Chen's reply, but I grant the Government's

alternative request and consider its sur-reply.  The Government is correct that Chen is ineligible for retroactive relief under § 4C1.1 because the sentence I imposed is less than the low-end of the newly calculated Guideline range.  U.S.S.G. § 1B1.10(b)(2).  Thus, Chen's newly raised argument is unavailing.

I THEREFORE ORDER that the Government's motion to strike or file a sur-reply **(ECF No. 81) is granted in part**.  I will not strike Chen's reply, but I have considered the Government's sur-reply (ECF No. 82).  That document will remain under seal.

I FURTHER ORDER that Chen's motion for compassionate release **(ECF No. 72) is denied.**

DATED THIS 30th day of January, 2024.

_____
Andrew P. Gordon
UNITED STATES DISTRICT JUDGE